IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CD ALSTON,

     Plaintiff,                    No. CIV S-11-2078 JAM GGH PS

    vs.

PAUL TASSONE, et al.,

     Defendants.         <u>ORDER</u>

_____/

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by E.D. Cal. L.R. 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

        The determination that plaintiffs may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

\\\\

1  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7  Cir. 1989); Franklin, 745 F.2d at 1227.
8  A complaint must contain more than a "formulaic recitation of the elements of a
9  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
10  speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
11  "The pleading must contain something more...than...a statement of facts that merely creates a
12  suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal
13  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
14  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft
15  v. Iqbal,  ___ U.S.___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127
16  S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows
17  the court to draw the reasonable inference that the defendant is liable for the misconduct
18  alleged." Id.
19  Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,
20  520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th
21  Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se
22  plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before
23  dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.
24  In this case, plaintiff alleges that two Sacramento County Deputy Sheriffs, Paul
25  Tassone and Bruce Smith, approached her with their guns drawn while she was sitting in her car
26  parked in front of a gym.  The officers demanded that she exit her vehicle and ignored her

requests for them to explain what she had done wrong. They then handcuffed plaintiff and searched her vehicle and personal property. Thereafter, plaintiff was detained in the back of their patrol car and released after 30 minutes without an explanation. Plaintiff further alleges that the officers completed a false event log, falsely accusing plaintiff of trying to place something behind her back as the officers approached, refusing to identify herself, and being confrontational, yelling, violent, and uncooperative.

Subsequently, plaintiff filed suit against the two deputy sheriffs, Tassone and Smith, Jeana Zwolinski (the sergeant in charge of Tassone and Smith), Scott Jones (the Sacramento County Sheriff), Matt Morgan (a lieutenant for Sacramento County Sheriff Department Bureau of Professional Standards), Sacramento County Sheriff Department Bureau of Professional Standards, Sacramento County Sheriff Department, and the County of Sacramento.[1] The complaint for damages primarily alleges liability for constitutional violations under 42 U.S.C. § 1983 and for related state law tort claims. Plaintiff claims that the Sacramento County Sheriff Department's policies, customs, and practices, such as their failure to provide adequate training and lack of supervision, gave rise to the deprivation of her constitutional rights.

For the limited purposes of screening, plaintiff's complaint states colorable claims for relief against defendants Tassone, Smith, Sacramento County Sheriff Department, and the County of Sacramento. For the reasons stated below, however, the court finds that plaintiff fails to state a cognizable claim against defendants Zwolinski, Jones, Morgan, and Sacramento County Sheriff Department Bureau of Professional Standards.

The Civil Rights Act provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the

---

[1] Plaintiff has named the individual, non-entity defendants in both their individual and official capacities. "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985). Accordingly, all further references to the individual, non-entity defendants relate to the individual capacity claims.

> deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Here, plaintiff's claims against Scott Jones are frivolous because she has not shown that Jones had any involvement with her detention and search. Jones appears to have been named in plaintiff's complaint solely due to his position as Sacramento County Sheriff. Furthermore, plaintiff fails to allege any causal link between defendant Zwolinski and the alleged violation of plaintiff's constitutional rights. Plaintiff claims that Zwolinski, as supervisor of Tassone and Smith, later stated that she was proud of her officers and that she believes that they had done everything by the book. However, plaintiff does not articulate how these expressions of confidence in her officers' compliance with protocol, made after the fact, caused the alleged unreasonable search and detention. Plaintiff does not allege, for example, that Zwolinski was on the scene or that she had ordered plaintiff's detention.

Plaintiff's claims against the Sacramento County Sheriff Department Bureau of Professional Standards and one of its lieutenants, Morgan, should also be dismissed. Plaintiff had reported the incident to Morgan and is greatly dissatisfied that Morgan refused to investigate it and instead forwarded plaintiff's complaint to another division. That dissatisfaction, however, does not a constitutional claim make. Plaintiff has made no showing that these defendants caused her detention and search.

Additionally, the complaint fails to state claims for violation of the Fourteenth Amendment under 42 U.S.C. § 1983. To the extent plaintiff attempts to state a violation of the Due Process Clause of the Fourteenth Amendment related to the detention and search, that claim is improper. All constitutional claims, including excessive force claims, resulting from an arrest, investigatory stop, or other seizure of a free citizen should be analyzed under the Fourth Amendment rather than under a substantive due process approach. <u>Graham v. O'Connor</u>, 490 U.S. 386, 395 (1989). Plaintiff also fails to allege any facts in support of a violation of the Equal Protection Clause of the Fourteenth Amendment. "To state a § 1983 claim for violation of the Equal Protection Clause, a plaintiff must show that he was treated in a manner inconsistent with others similarly situated, and that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." <u>Thornton v. City of St. Helens</u>, 425 F.3d 1158, 1166-67 (9th Cir. 2005). Here, plaintiff alleges no facts demonstrating intentional discrimination or differential treatment of others similarly situated. Plaintiff may state such a claim by, for example, alleging that these officers specifically targeted persons of her race for searches while people of other races were not stopped. Such allegations, however, may only be made upon a good faith basis.

Plaintiff's claim for illegal search and seizure under 42 U.S.C. § 2000 is improper, because that statute does not exist. Moreover, it appears to be duplicative of plaintiff's other claims for violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983. Furthermore, plaintiff's conspiracy claim is also improperly brought under 42 U.S.C. § 2000. A claim for

5

conspiracy to violate constitutional rights must be stated under 42 U.S.C. §§ 1983 and 1985.

With respect to plaintiff's state law tort claims, plaintiff improperly attempts to state a claim for negligence under 42 U.S.C. § 1983. A negligence claim instead arises under California state law. Under California law, "to prevail in an action based upon a defendant's alleged negligence, a plaintiff must demonstrate that the defendant owed the plaintiff a legal duty, that the defendant breached the duty, and that the breach was a proximate or legal cause of his or her injuries." Ambriz v. Kelegian, 146 Cal. App. 4th 1519, 1530-31 (2007). To state a proper claim for negligence, plaintiff must plead facts in support of each element, i.e. what duty the defendants owed plaintiff, how the defendants breached that duty, and how that breach resulted in the harm plaintiff allegedly suffered.

The complaint also fails to state a claim for intentional infliction of emotional distress. "The tort of intentional infliction of emotional distress is comprised of three elements: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff suffered severe or extreme emotional distress; and (3) the plaintiff's injuries were actually and proximately caused by the defendant's outrageous conduct." Cochran v. Cochran, 65 Cal. App. 4th 488, 494 (1998). "In order to meet the first requirement of the tort, the alleged conduct...must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." Id. Here, the complaint essentially alleges that defendants breached their duty of care to plaintiff, and reads more like a negligence claim. To state a cognizable claim for intentional infliction of emotional distress, plaintiff must set forth the elements outlined above along with specific facts in support of each element.

In light of the above, the court concludes that defendants Zwolinski, Jones, Morgan, and Sacramento County Sheriff Department Bureau of Professional Standards should be dismissed from the action. The court also finds that the first cause of action (negligence under 42 U.S.C. § 1983), third cause of action (violation of the Fourteenth Amendment Due Process and

Equal Protection rights), fourth cause of action (duty to investigate/reckless or intentional failure to investigate), seventh cause of action (illegal search and seizure under 42 U.S.C. § 2000), tenth cause of action (conspiracy under 42 U.S.C. § 2000), and eleventh cause of action (intentional infliction of emotional distress) should be dismissed.

However, plaintiff will be given 28 days from the date of service of this order to amend her complaint to cure any deficiencies outlined above. Plaintiff is not required to file an amended complaint, but failure to do so will result in a recommendation that the above-mentioned defendants and causes of action be dismissed with prejudice. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

If plaintiff chooses to amend, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Fed. R. Civ. P. 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. E.D. Cal. L.R. 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Furthermore, plaintiff alleges that she has exhausted government tort claim procedures with respect to the state law tort claims prior to bringing this action. Plaintiff is advised to attach copies of any such written claims as an exhibit to any amended complaint.

\\\\

1   In accordance with the above, IT IS HEREBY ORDERED that:

2   1. Plaintiff's request to proceed in forma pauperis (dkt. no. 3) is granted.

3   2. Plaintiff's claims against defendants Zwolinski, Jones, Morgan, and Sacramento County Sheriff Department Bureau of Professional Standards are dismissed with leave to amend.  Additionally, the first cause of action (negligence under 42 U.S.C. § 1983), third cause of action (violation of the Fourteenth Amendment Due Process and Equal Protection rights), fourth cause of action (duty to investigate/reckless or intentional failure to investigate), seventh cause of action (illegal search and seizure under 42 U.S.C. § 2000), tenth cause of action (conspiracy under 42 U.S.C. § 2000), and eleventh cause of action (intentional infliction of emotional distress) are dismissed with leave to amend.

3. Plaintiff is granted 28 days from the date of service of this order to amend her complaint to cure the deficiencies outlined in this order.  Plaintiff is not required to file an amended complaint, but failure to do so will result in a recommendation that the above-mentioned defendants and causes of action be dismissed with prejudice.

4. If plaintiff elects to amend, any amended complaint shall bear the docket number assigned to this case, shall be labeled "First Amended Complaint," and shall not exceed twenty (20) pages.  Plaintiff must file an original and two copies of any amended complaint.

5. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

DATED: October 31, 2011

   /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH/wvr
alston.2078.ifp-lta.wpd