1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10  CD ALSTON,

11            Plaintiff,                 No. CIV S-11-2078 JAM GGH PS

12        vs.

13  PAUL TASSONE, et al.,

14            Defendants.         FINDINGS AND RECOMMENDATIONS

15  _____/

16            Plaintiff is proceeding in this action pro se and in forma pauperis.  This

17  proceeding was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(21), pursuant to 28

18  U.S.C. § 636(b)(1).  On November 10, 2011, plaintiff filed a motion for a temporary restraining

19  order and a preliminary injunction.  (Dkt. No. 9.)  After reviewing the papers in support of the

20  motion, including the memorandum and affidavits, and for good cause appearing, the court

21  FINDS AS FOLLOWS:

22  BACKGROUND

23            In her original complaint, plaintiff alleges that, on March 26, 2011, two

24  Sacramento County Deputy Sheriffs, Paul Tassone and Bruce Smith, approached her with their

25  guns drawn while she was sitting in her car parked in front of a gym.  The officers demanded that

26  she exit her vehicle and ignored her requests for them to explain what she had done wrong.  They

then handcuffed plaintiff, and searched her vehicle and personal property.  Thereafter, plaintiff was detained in the back of their patrol car and released after 30 minutes without an explanation. Plaintiff further alleges that the officers completed a false event log, falsely accusing plaintiff of trying to place something behind her back as the officers approached, refusing to identify herself, and being confrontational, yelling, violent, and uncooperative.

Subsequently, plaintiff filed suit against the two deputy sheriffs, Jeana Zwolinski (their supervisor), Scott Jones (the Sacramento County Sheriff), Matt Morgan (a lieutenant for Sacramento County Sheriff Department Bureau of Professional Standards), the Sacramento County Sheriff Department Bureau of Professional Standards, Sacramento County Sheriff Department, and the County of Sacramento.  The complaint for damages primarily alleges liability for constitutional violations under 42 U.S.C. § 1983 and for related state law tort claims. Plaintiff claims that the Sacramento County Sheriff Department's policies, customs, and practices, such as their failure to provide adequate training and lack of supervision, gave rise to the deprivation of her constitutional rights.

On October 31, 2011, the court granted plaintiff's motion to proceed in forma pauperis.  (Dkt. No. 8.)  In that same order, the court dismissed several defendants and several of plaintiffs' claims, granting plaintiff 28 days to amend her complaint and cure the deficiencies outlined in the order.  (Id.)  Because plaintiff was given leave to amend in the screening stage, none of the defendants have been served with process.

On November 10, 2011, plaintiff filed the instant motion for a temporary restraining order and a preliminary injunction.  (Dkt. No. 9.)

DISCUSSION

The standards governing the issuance of temporary restraining orders are "substantially identical" to those governing the issuance of preliminary injunctions.  Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001). Therefore, "[a] plaintiff seeking a [TRO] must establish that he is likely to succeed on the merits,

1    that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of

2    equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n,

3    Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter v. Natural Res.

4    Def. Council, Inc., 555 U.S. 7, 20, 129 S. Ct. 365, 374 (2008)).  A TRO or preliminary injunction

5    is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is

6    entitled to such relief."  Winter, 555 U.S. at 22, 129 S. Ct. at 376.

7              In the instant motion, plaintiff seeks injunctive relief against various law

8    enforcement agencies throughout the Sacramento area.  She describes several encounters with

9    law enforcement officers from different law enforcement agencies and police departments,

10   alleging illegal searches, detentions, arrests, and the use of excessive force.  (Dkt. No. 9-2.)

11   Plaintiff also submitted an "Affidavit in support of Existence of Irreparable Harm" in which she

12   states that she has lost several employment opportunities due to incessant harassment of law

13   enforcement; been jailed on several occasions without legal justification; been assaulted by law

14   enforcement and suffered numerous injuries; been "stripped search" [sic]; had her DNA stolen;

15   been threatened; been forced to stay in a city she does not desire to be in; and faces "loss of

16   future liberty due to officers [sic] intent to make me a criminal" and loss of property "since law

17   enforcement has a policy to tow vehicles at their sole discretion."  She also claims that she faces

18   further injuries to her reputation and that she has been deprived of her constitutional rights.  (Dkt.

19   No. 9-3.)

20             As an initial matter, plaintiff's motion improperly requests injunctive relief

21   against several entities who are not even parties to this action, including the City of Elk Grove,

22   the Elk Grove Police Department, the City of Sacramento, and the City of Sacramento Police

23   Department.  The court's records reveal that, apart from the instant action, plaintiff has filed

24   actions against several different police departments in the broader Sacramento metropolitan area.

25   See 2:11-cv-678-KJM-CKD (involving the Elk Grove Police Department); 2:11-cv-2077-KJM-

26   GGH (involving Sacramento County, the El Dorado County Sheriff Department, Amador

3

1    County, Alpine County, and the California Department of Fish and Game); 2:11-cv-2079-JAM-

2    EFB (involving the Sacramento City Police Department); and 2:11-cv-2281-GEB-GGH

3    (involving the Sacramento County Sheriff Department).  Plaintiff appears to be incorporating

4    many of these claims and entities into the instant motion.

5             Moreover, plaintiff fails to show that she is likely to suffer irreparable harm in the

6    absence of preliminary relief.  While plaintiff allegedly had several dissatisfactory experiences

7    with law enforcement officials, these encounters have been with different police officers and

8    different police departments.  Apart from plaintiff's general belief that she will be targeted again

9    for a search, detention, or arrest, there is no evidence that several police departments in the

10   Sacramento area are engaging in a coordinated effort to violate plaintiff's constitutional rights.

11   The injunctive relief requested is also overly broad and impermissibly vague.  Plaintiff requests

12   the court to enjoin multiple law enforcement agencies from "(1) detaining Plaintiff without

13   probable cause or reasonable suspicion to do so; (2) forcibly restraining Plaintiff without Plaintiff

14   displaying any type of violent behaviors; (3) depriving Plaintiff of her constitutional rights; (4)

15   detaining Plaintiff solely for identification purposes; (5) performing an illegal search on

16   Plaintiff's license plate without probable cause to do so; (6) threatening Plaintiff; (7) damaging

17   Plaintiff's property; (8) notify Plaintiff of the reason for her detainment [sic]; (9) assaulting

18   Plaintiff; and (10) approaching Plaintiff on pretextual pretenses."  (Dkt. No. 9-5.)

19            Plaintiff has an adequate remedy at law, namely, her several actions under 42

20   U.S.C. § 1983, during which plaintiff will have an opportunity to have her claims against the

21   various defendants adjudicated on the merits.  Presently, however, plaintiff fails to make a clear

22   showing that she is entitled to the extraordinary remedy of a TRO or a preliminary injunction.

23            In accordance with the above, IT IS HEREBY RECOMMENDED that plaintiff's

24   motion for a temporary restraining order and a preliminary injunction (dkt. no. 9) be denied.

25            These findings and recommendations are submitted to the United States District

26   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

1  fourteen (14) days after being served with these findings and recommendations, plaintiff may file

2  written objections with the court.  Such a document should be captioned "Objections to

3  Magistrate Judge's Findings and Recommendations."   Plaintiff is advised that failure to file

4  objections within the specified time may waive the right to appeal the District Court's order.

5  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

6  DATED: November 15, 2011

7                                          /s/ Gregory G. Hollows
                                    UNITED STATES MAGISTRATE JUDGE
8

9

10  GGH/wvr
    alston.2078.tro.fr.wpd
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26