IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CD ALSTON,

        Plaintiff,                    No. CIV S-11-2078 JAM GGH PS

    vs.

PAUL TASSONE, et al.,

        Defendants.           FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is proceeding in this action pro se and in forma pauperis.  This proceeding was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  On November 10, 2011, plaintiff filed a motion for a temporary restraining order and a preliminary injunction.  (Dkt. No. 9.)  After reviewing the papers in support of the motion, including the memorandum and affidavits, and for good cause appearing, the court FINDS AS FOLLOWS:

BACKGROUND

       In her original complaint, plaintiff alleges that, on March 26, 2011, two Sacramento County Deputy Sheriffs, Paul Tassone and Bruce Smith, approached her with their guns drawn while she was sitting in her car parked in front of a gym.  The officers demanded that she exit her vehicle and ignored her requests for them to explain what she had done wrong.  They

1  then handcuffed plaintiff, and searched her vehicle and personal property.  Thereafter, plaintiff
2  was detained in the back of their patrol car and released after 30 minutes without an explanation.
3  Plaintiff further alleges that the officers completed a false event log, falsely accusing plaintiff of
4  trying to place something behind her back as the officers approached, refusing to identify herself,
5  and being confrontational, yelling, violent, and uncooperative.
6         Subsequently, plaintiff filed suit against the two deputy sheriffs, Jeana Zwolinski
7  (their supervisor), Scott Jones (the Sacramento County Sheriff), Matt Morgan (a lieutenant for
8  Sacramento County Sheriff Department Bureau of Professional Standards), the Sacramento
9  County Sheriff Department Bureau of Professional Standards, Sacramento County Sheriff
10 Department, and the County of Sacramento.  The complaint for damages primarily alleges
11 liability for constitutional violations under 42 U.S.C. § 1983 and for related state law tort claims.
12 Plaintiff claims that the Sacramento County Sheriff Department's policies, customs, and
13 practices, such as their failure to provide adequate training and lack of supervision, gave rise to
14 the deprivation of her constitutional rights.
15         On October 31, 2011, the court granted plaintiff's motion to proceed in forma
16 pauperis. (Dkt. No. 8.)  In that same order, the court dismissed several defendants and several of
17 plaintiffs' claims, granting plaintiff 28 days to amend her complaint and cure the deficiencies
18 outlined in the order.  (Id.)  Because plaintiff was given leave to amend in the screening stage,
19 none of the defendants have been served with process.
20         On November 10, 2011, plaintiff filed the instant motion for a temporary
21 restraining order and a preliminary injunction.  (Dkt. No. 9.)
22 DISCUSSION
23         The standards governing the issuance of temporary restraining orders are
24 "substantially identical" to those governing the issuance of preliminary injunctions.  Stuhlbarg
25 Intern. Sales Co., Inc. v. John D. Brush and Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001).
26 Therefore, "[a] plaintiff seeking a [TRO] must establish that he is likely to succeed on the merits,

that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20, 129 S. Ct. 365, 374 (2008)).  A TRO or preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter, 555 U.S. at 22, 129 S. Ct. at 376.

In the instant motion, plaintiff seeks injunctive relief against various law enforcement agencies throughout the Sacramento area.  She describes several encounters with law enforcement officers from different law enforcement agencies and police departments, alleging illegal searches, detentions, arrests, and the use of excessive force.  (Dkt. No. 9-2.) Plaintiff also submitted an "Affidavit in support of Existence of Irreparable Harm" in which she states that she has lost several employment opportunities due to incessant harassment of law enforcement; been jailed on several occasions without legal justification; been assaulted by law enforcement and suffered numerous injuries; been "stripped search" [sic]; had her DNA stolen; been threatened; been forced to stay in a city she does not desire to be in; and faces "loss of future liberty due to officers [sic] intent to make me a criminal" and loss of property "since law enforcement has a policy to tow vehicles at their sole discretion."  She also claims that she faces further injuries to her reputation and that she has been deprived of her constitutional rights.  (Dkt. No. 9-3.)

As an initial matter, plaintiff's motion improperly requests injunctive relief against several entities who are not even parties to this action, including the City of Elk Grove, the Elk Grove Police Department, the City of Sacramento, and the City of Sacramento Police Department.  The court's records reveal that, apart from the instant action, plaintiff has filed actions against several different police departments in the broader Sacramento metropolitan area. See 2:11-cv-678-KJM-CKD (involving the Elk Grove Police Department); 2:11-cv-2077-KJM-GGH (involving Sacramento County, the El Dorado County Sheriff Department, Amador

County, Alpine County, and the California Department of Fish and Game); 2:11-cv-2079-JAM-EFB (involving the Sacramento City Police Department); and 2:11-cv-2281-GEB-GGH (involving the Sacramento County Sheriff Department).  Plaintiff appears to be incorporating many of these claims and entities into the instant motion.

Moreover, plaintiff fails to show that she is likely to suffer irreparable harm in the absence of preliminary relief.  While plaintiff allegedly had several dissatisfactory experiences with law enforcement officials, these encounters have been with different police officers and different police departments.  Apart from plaintiff's general belief that she will be targeted again for a search, detention, or arrest, there is no evidence that several police departments in the Sacramento area are engaging in a coordinated effort to violate plaintiff's constitutional rights.  The injunctive relief requested is also overly broad and impermissibly vague.  Plaintiff requests the court to enjoin multiple law enforcement agencies from "(1) detaining Plaintiff without probable cause or reasonable suspicion to do so; (2) forcibly restraining Plaintiff without Plaintiff displaying any type of violent behaviors; (3) depriving Plaintiff of her constitutional rights; (4) detaining Plaintiff solely for identification purposes; (5) performing an illegal search on Plaintiff's license plate without probable cause to do so; (6) threatening Plaintiff; (7) damaging Plaintiff's property; (8) notify Plaintiff of the reason for her detainment [sic]; (9) assaulting Plaintiff; and (10) approaching Plaintiff on pretextual pretenses." (Dkt. No. 9-5.)

Plaintiff has an adequate remedy at law, namely, her several actions under 42 U.S.C. § 1983, during which plaintiff will have an opportunity to have her claims against the various defendants adjudicated on the merits.  Presently, however, plaintiff fails to make a clear showing that she is entitled to the extraordinary remedy of a TRO or a preliminary injunction.

In accordance with the above, IT IS HEREBY RECOMMENDED that plaintiff's motion for a temporary restraining order and a preliminary injunction (dkt. no. 9) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 15, 2011

          /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH/wvr
alston.2078.tro.fr.wpd